D. Blair Clark
LAW OFFICES OF D. BLAIR CLARK PC
967 E. Parkcenter Blvd., #282
Boise, ID 83706
Phone: (208) 475-2050
Fax: (208) 475-2055
Email: dbc@dbclarklaw.com
Idaho State Bar No. 1367
Attorneys for Defendant

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>**DONNIE JASON CARLSON**<br><br>Debtor | Case No. 23-00554-NGH<br><br>Chapter 7 |
| **RAUL MENDEZ and MARIA PEREZ,** husband and wife,<br><br>Plaintiffs<br><br>v.<br><br>**DONNIE JASON CARLSON**<br><br>**Defendant.** | Adversary Case No. 24-06001-NGH<br><br>**ANSWER TO COMPLAINT** |

COMES NOW the Defendant, and answers Plaintiff's Complaint as follows:

FIRST DEFENSE: Defendant moves the court to dismiss this case pursuant to FRBP 7012 and FRCP 12(b)(6). In particular:

ANSWER TO COMPLAINT--1

1. The rambling paragraph entitled "*Nature of the Case*" does not comply with the rules, but instead is a rambling monologue full of conclusory statements and no allegations of fact as required by FRBP 7009, and the mandates of FRBP 7010 as applied to the form of this paragraph.

2. A plaintiff must "state with particularity the circumstances constituting fraud or mistake." FRCP. 9(b) (made applicable by FRBP 7009). The Plaintiff must allege, "the who, what, when, where, and how of the misconduct charged, ... including what is false or misleading about a statement and why it is false." US v. United Healthcare Ins. Co., 848 F.3d 1161, 1180 (9th Cir. 2016). And while Plaintiff does not need to allege "a precise time frame" or describe specific transactions in detail, he must identify the alleged fraud with enough precision for the defendant to adequately respond.

3. A party asserting nondischargeability under §523(a)(2)(A) must establish five elements: "(1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct." In re Slyman, 234 F.3d 1081, 1085 (9th Cir. 2000). None of the elements set forth in Slyman exist. The United Healthcare decision, infra, is not met at all. Plaintiffs, rather, in their "Nature of the Case" portion of the Complaint, have attempted to "shotgun" the facts and hope that something hits, when in reality, pleading a claim for nondischargeability is a limited, finite cause of action. They try to make a lot out of the language of the notes which set forth Defendant's personal guarantee, but even on that fail to allege how that was fraudulent, why there was intent to deceive, or why there was justifiable reliance on WHAT. We do not know the allegations to demonstrate ANY of those points.

ANSWER TO COMPLAINT--2

  4. The required elements under §523(a)(2)(B) are also not met. Judge Pappas analyzed the requirements in <u>In re Hunt,</u> Adv. No. 20-06015, where he said:

> To prevail on the § 523(a)(2)(B) claim, Plaintiffs were required to show that: (1) a written representation of fact were made by Rinaldo respecting Defendants' financial condition; (2) the representation was materially false; (3) Defendant knew the representation was false when made; (4) Defendant made the representation with the intention of deceiving the Plaintiffs; (5) Plaintiffs relied on the representation; (6) Plaintiffs' reliance was reasonable; and (7) damage proximately resulted to Plaintiffs. <u>Gertsch v. Johnson & Johnson (In re Gertsch)</u>, 237 B.R. 160, 167 (9th Cir. BAP 1999) (citing <u>Candland v. Ins. Co. of N. Am. (In re Candland)</u>, 90 F.3d 1466, 1469 (9th Cir., 1996))

SECOND DEFENSE: Answering the specific allegations of such Complaint:

**Parties:**

  5. Defendants do not know the age or literacy level of Plaintiffs and deny paragraph 1.

  6. Defendant admits paragraphs 2 and 3.

**Jurisdiction and Venue:**

  7. Defendant admits paragraphs 4 through 7 inclusive, and denies the applicability of "Idaho State Law" hereto.

**General Allegations:**

  8. Admit paragraphs 8 and 9.

  9. Deny paragraph 10 for lack of knowledge, information or belief.

  10. Deny paragraph 11, 12, 13, 14, 15, 16, 17, and 18.

  11. Defendant denies paragraph 19 in its entirety.

  12. Answering paragraph 20, the City of Nampa did in fact impose such a requirement.

  13. Answering paragraph 21 and 22, Defendant denies the same as propounded.

ANSWER TO COMPLAINT--3

14. Answering paragraph 23, Defendant denies tis in its entirety. Defendant further denies paragraphs 24-26 inclusive.

15. Answering paragraph 27, Defendant admits and denies as set forth above.

16. Defendant denies each allegation of paragraphs 28-37 inclusive.

17. Answering paragraph 38 and 39, these are allegations of law to which no answer is required.

18. Answering paragraphs 40-46, Defendant denies the same in their entirety.

19. Answering paragraphs 47-51, Defendant denies the same. Further and specifically for any allegation so stating, Defendant denies that he took any of the Plaintiff's funds for his own use and benefit" or that of anybody else.

20. Answering paragraphs 52-61 inclusive, Defendant denies each and every allegation thereof.

21. Defendant denies paragraph 62. To the contrary, Defendant asserts that he should be the prevailing party in this litigation and entitled to an award of attorneys' fees at the proper time and by the proper procedure.

WHEREFORE Defendant prays that this case be dismissed and that Plaintiffs have and recover nothing thereby; for attorneys' fees and costs of suit; and for such other relief as may seem just.

Dated this 23rd day of February, 2024.

ANSWER TO COMPLAINT--4

                                    LAW OFFICES OF D. BLAIR CLARK PC

                                    /s/ D. Blair Cark
                             by_____
                                  D. Blair Clark
                                  Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of February, 2024, I caused to be served a true and correct copy of the foregoing by ECF and electronic mail, to the following:

Ronald Shepherd
SHEP LAW GROUP
Via ECF

                                  /s/ D. Blair Clark
                                  D. Blair Clark

ANSWER TO COMPLAINT--5